UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                   Case No. 1:11 CV 703

TIM COMMAND, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This action was removed to this Court on July 8, 2011. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **remanded to state court**.

**BACKGROUND**

        On July 1, 2005, Tim Command and Marcia Kay-Brink Command obtained a loan in the amount of two-hundred fifty-one thousand two-hundred fifty dollars ($251,250.00). (Dkt. #27, Exhibit A). This loan was secured by a mortgage on property located at 626 E. State Street, Fife Lake, Michigan. *Id.* The Commands failed to pay the property taxes on this property for the years 2006, 2007, and 2008, causing them to default on their mortgage. (Dkt. #27, Exhibit B). The mortgage was ultimately foreclosed and Plaintiff/Counter Defendant Fannie Mae purchased the property at a foreclosure sale conducted on April 7, 2010. (Dkt. #27, Exhibits B-D; Dkt. #28, Exhibits E-F).

On March 31, 2011, Fannie Mae filed an eviction action in state district court against the Commands to obtain possession of the property in question.[1] (Dkt. #1, Exhibit 7). Judgment was entered in favor of Fannie Mae on June 13, 2011. (Dkt. #28, Exhibit H). On June 22, 2011, the Commands appealed the matter to the appropriate state circuit court. (Dkt. #1, Exhibit 5). On June 25, 2011, the Commands filed in state circuit court a First Amended Counter Claim. (Dkt. #1, Exhibit 6). On July 8, 2011, the Commands removed the matter to this Court. (Dkt. #1). In their Notice of Removal, the Commands assert that jurisdiction is proper in this Court because the claims asserted in their Counter Complaint arise under federal law.

## **ANALYSIS**

Pursuant to federal law, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Commands assert that removal of this action to this Court is appropriate because "[t]his action is a civil action of which this Court has original jurisdiction under 28 U.S.C. [§] 1331."

Section 1331 "vests in federal district courts jurisdiction over 'all civil actions arising under the Constitution, laws or treaties of the United States.'" *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272 (2009) (quoting 28 U.S.C. 1331). A suit "arises under" federal law, however, "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Id.* (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal jurisdiction "cannot be

---

[1] Fannie Mae actually filed several eviction actions, one directed to the property as a whole and several additional actions directed to each individual unit of the property in question. These several actions were subsequently consolidated into one action.

predicated on an actual or anticipated defense. . .[n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." As the Court recognized, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Id.* (citations omitted).

As previously observed, Fannie Mae initiated this action in state court asserting an eviction action, a claim arising under state law. The Commands subsequently removed the matter to this Court asserting that jurisdiction was proper in this Court because the claims asserted in their Counter Complaint arise under federal law. As the aforementioned authority makes clear, however, such is an insufficient basis to confer subject matter jurisdiction on this Court. *See*, *e.g.*, *Vaden*, 129 S.Ct. at 1272; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) ("[b]ecause it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,' [such] fails to establish an objectively reasonable basis for removal"); *Deutsche Bank National Trust Co. v. Taylor*, 2011 WL 1374988 at *2 (N.D. Ohio, Apr. 12, 2011) ("[u]nder the 'well pleaded complaint' rule, a case arises under federal law, only when a federal question appears on the face of the plaintiff's complaint" and "[a] counterclaim raising a federal question cannot confer federal jurisdiction").

As subject matter jurisdiction over this dispute is lacking in this Court, the undersigned recommends that this matter be remanded back to state court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this matter be remanded back to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  January 10, 2012              /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge